## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**ALEX ROBLES**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 24-251**

**QUIRCH FOODS LLC, ET AL.**                             **SECTION "O"**

## ORDER AND REASONS

Before the Court in this dispute arising from *pro se* Plaintiff Alex Robles's former employment by Quirch Foods LLC are assorted motions[1] filed by Robles and motions[2] to dismiss filed by Quirch, 21st Judicial District Attorney Scott Perrilloux, and the State of Louisiana. Liberally construing Robles's *pro se* complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and holding them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Court holds that Robles fails to state any claims against Quirch and Perrilloux, and that any claims Robles intends to assert against the State are barred by sovereign immunity. What is more, Robles's assorted *pro se* motions—including his motions to strike certain briefs, his motions for "joinder" and "transfer," his motion for a default judgment, and his motion "to submit additional evidence"—lack merit. Accordingly, for those reasons and the reasons that follow, Robles's assorted motions are **DENIED**; Quirch's, Perrilloux's, and the State's motions to dismiss are **GRANTED**; and Robles must show cause within 14 days why the Court should not dismiss his remaining claims under Rule 12(b)(6).

---

[1] ECF No. 3; ECF No. 14; ECF No. 16; ECF No. 32; ECF No. 33; ECF No. 34.
[2] ECF No. 10; ECF No. 22; ECF No. 27.

# I.    BACKGROUND

Liberally construed, Robles's *pro se* complaints attempt to assert claims arising from the allegedly retaliatory termination of his employment as a driver for Quirch and from the Occupational Safety and Health Administration ("OSHA") whistleblower-retaliation proceedings that Robles later initiated against Quirch before a United States Department of Labor Administrative Law Judge ("ALJ").[3]

Robles worked as a driver for Quirch in Hammond, Louisiana.[4] After Quirch fired him for poor performance,[5] Robles brought an OSHA whistleblower-retaliation complaint against Quirch.[6] He alleged that Quirch violated the Surface Transportation Assistance Act by firing him in retaliation for "report[ing] an illness to his supervisor that left him impaired and unable to operate his assigned commercial motor vehicle."[7] But OSHA dismissed his complaint and found "no reasonable cause to believe" that Quirch violated the Surface Transportation Assistance Act.[8] Robles deems OSHA's "determination" "procedurally deficient."[9]

Robles accordingly appealed OSHA's dismissal of his whistleblower-retaliation complaint to an ALJ.[10] But the ALJ ultimately dismissed his appeal. Among other

---

[3] *See generally* ECF No. 4 (original complaint); ECF No. 7 (supplemental complaint); ECF No. 25 (motion-to-dismiss opposition that provides "clarification" of Robles's claims).

[4] ECF No. 4 at 2–3; ECF No. 7 at 2–3.

[5] ECF No. 4-2 at 38. The Court may consider the United States Department of Labor letter notifying Robles of dismissal of his OSHA whistleblower-retaliation complaint because Robles attaches that letter to his original complaint. *See, e.g.*, *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (explaining that a court may properly consider "documents attached to the complaint" in its Rule 12(b)(6) analysis (citations omitted)).

[6] ECF No. 4 at 3; ECF No. 7 at 3.

[7] ECF No. 4-2 at 37.

[8] *Id.* at 37–38.

[9] ECF No. 4 at 3; ECF No. 7 at 3.

[10] ECF No. 4 at 3; ECF No. 7 at 3.

complaints about the proceedings before the ALJ, Robles alleges that the ALJ "work[ed] on behalf of Quirch,"[11] "lied about being an impartial adjudicator,"[12] and wrongly compelled him "to produce evidence already in [Quirch's] possession."[13] Robles adds that "the ALJ" and unspecified "State actors" "aided" "a retaliation scheme" "instituted" by Quirch's counsel in the proceedings before the ALJ.[14]

For reasons that are not altogether clear, Robles apparently associates that alleged "retaliation scheme" involving Quirch's counsel and the ALJ with "[t]he murder of [his] significant other," a state criminal case in which he is named as a defendant, and a Hammond City Court case in which he is also named as a defendant.[15] Robles alleges that unspecified "State actors" "participat[ed] in a scheme to deprive [him] [of] his [c]onstitutional [r]ights to life, liberty, and property at the direction of local judiciaries in Louisiana[.]"[16] He adds that he "was subjected to a criminal investigation that involved harassment and [a] campaign to arrest [him] after State actors learned of [his] behavior pattern."[17] Robles says the "circumstances" of that "campaign" "were carried out" through the City of Hammond Water Department, which "force[d] [him] out of his home" for failing to pay his water bill.[18]

Robles alleges the "egregious conduct" of "Defense counsels" has led to "two losses of consortiums, [h]omelessness, incarceration, and emotional distress."[19] He

---

[11] ECF No. 4 at 3; ECF No. 7 at 3.
[12] ECF No. 4 at 3–4; ECF No. 7 at 3–4.
[13] ECF No. 4 at 8; ECF No. 7 at 8.
[14] ECF No. 4 at 4; ECF No. 7 at 4.
[15] ECF No. 4 at 6; ECF No. 7 at 6.
[16] ECF No. 4 at 6; ECF No. 7 at 6.
[17] ECF No. 4 at 7; ECF No. 7 at 7.
[18] ECF No. 4 at 7; ECF No. 7 at 7.
[19] ECF No. 4 at 9; ECF No. 7 at 9.

seeks "[d]amages arising from" both unspecified breaches of an unspecified employment contract and from unarticulated violations of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA").[20] He wants "the max award amount of \$250,000 for damages inflicted by Defendants, State Actors, and judiciaries whose egregious behavior violated [his] [c]onstitutional and [s]tatutory [r]ights under the United States Constitution," the FLSA, and the "Whistle Blower Act."[21]

Even with the benefit of liberal construction, Robles's *pro se* complaints are unclear on whom, exactly, he intends to sue and what claims he intends to assert. According to the captions of his liberally construed *pro se* complaints, however, Robles apparently intends to sue (1) Quirch; (2) the United States Department of Labor; (3) OSHA; (4) the Office of Administrative Law Judges; (5) the State of Louisiana; (6) the City Court of Hammond; and (7) CT Corporation Systems, Quirch's registered agent for service of process.[22] But Robles apparently also intends to sue 21st Judicial District Attorney Scott Perrilloux, because a summons issued to Perrilloux.[23]

Now, Quirch, Perrilloux, and the State move to dismiss Robles's claims against them under Rule 12(b)(6).[24] The State and Perrilloux separately contend that the Court lacks subject-matter jurisdiction over some or all of Robles's claims under Rule 12(b)(1).[25] Robles also filed assorted *pro se* motions, which the Court takes in turn.

---

[20] ECF No. 4 at 2; ECF No. 7 at 2.
[21] ECF No. 4 at 9; ECF No. 7 at 9.
[22] ECF No. 4 at 1; ECF No. 7 at 1.
[23] ECF No. 23.
[24] ECF No. 10 (Quirch's motion to dismiss); ECF No. 22 (Perrilloux's motion to dismiss); ECF No. 27 (the State's motion to dismiss).
[25] ECF No. 22; ECF No. 27.

## II.    ANALYSIS

### A.    Robles's Motions

Robles moves the Court (1) for "Joinder of Parties and Transfer" in connection with his pending Hammond City Court case and a state criminal case in which he is named as a defendant;[26] (2) for a default judgment against Quirch;[27] (3) to submit "additional [r]elevant evidence" in support of his opposition to Quirch's motion to dismiss;[28] (4) to strike the State's motion to dismiss;[29] and (5) for "Joinder of Parties."[30] The Court considers each of Robles's liberally construed *pro se* motions before turning to the motions to dismiss filed by Quirch, Perrilloux, and the State.

### 1.    Motion for Joinder of Parties and Transfer[31]

First, Robles moves the Court "for a Joinder of Parties and Transfer of matters in" connection with two cases: a Hammond City Court case in which he is named as a defendant and a state criminal case in which he is named as a defendant.[32] Robles asserts that these "legal proceedings are ancillary acts arising from" the whistleblower-retaliation proceedings before the ALJ.[33] He adds that "transfer is ripe," and he cites 28 U.S.C. § 1406(a), 28 U.S.C. § 1404(a), and 18 U.S.C. § 3235.[34]

The Court liberally construes Robles's motion as seeking to transfer this case and denies the motion because Robles has not shown that transfer is appropriate

---

[26] ECF No. 3.
[27] ECF No. 14.
[28] ECF No. 16.
[29] ECF No. 32; ECF No. 33.
[30] ECF No. 34.
[31] ECF No. 3.
[32] *Id.* at 1.
[33] *Id.*
[34] *Id.*

under any of the cited provisions. Transfer is not appropriate under Sections 1404(a) or 1406(a). First, those statutes only allow transfer of cases to "district[s] or division[s]" within the federal-court system, and the two cases Robles has identified involve courts outside the federal-court system. *See* 28 U.S.C. § 1404(a) (authorizing transfer "[f]or the convenience of parties and witnesses" "to any other district or division" where a civil action "might have been brought or to any district or division to which all parties have consented"); 28 U.S.C. § 1406(a) (authorizing transfer of a case filed "in the wrong division or district" "to any district or division in which it could have been brought" if transfer is "in the interest of justice"); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–61 (2013) (explaining that Section 1404(a) authorizes transfers within the federal-court system only).

Second, even if transfer were available in theory under Sections 1404(a) or 1406(a), the Court would still deny transfer: Robles has not met his burden to show that the prerequisites for transfer are met. As for Section 1404(a), Robles has not shown "good cause" for transfer. *See In re Clarke*, 94 F.4th 502, 514–16 (5th Cir. 2024). And as for Section 1406(a), Robles has not shown that venue is improper in the Eastern District of Louisiana. *See Atl. Marine Const. Co.*, 571 U.S. at 55 (explaining that Section 1406(a) "condition[s] transfer on the initial forum's being 'wrong'").

Nor is transfer available under 18 U.S.C. § 3235. Section 3235 governs venue in capital cases and states "[t]he trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience." 18 U.S.C. § 3235. That provision has no application to this civil case.

In sum, Robles fails to carry his burden to show that the Court should transfer this case. So the Court denies his motion[35] for joinder of parties and transfer.

### 2. Motion for a Default Judgment[36]

Next, Robles moves the Court to enter a default judgment against Quirch, apparently on the grounds that Quirch's counsel in this case differs from Quirch's counsel in the OSHA whistleblower-retaliation proceedings before the ALJ.[37] Robles offers no authority supporting the proposition that Quirch's decision to retain different counsel in this case is grounds for entry of a default judgment against it. In any event, Robles is not entitled to a default judgment against Quirch because, among other reasons, Quirch has timely responded to Robles's complaints by way of its motion to dismiss,[38] and the Clerk's Office has not entered a Rule 55(a) default against Quirch. *See* FED. R. CIV. P. 55(a)–(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (securing a default judgment is a three-step process that requires a default and an entry of default before a plaintiff may apply for a default judgment). So the Court denies Robles's motion[39] for a default judgment.

### 3. Motion to Submit Additional Evidence[40]

Robles next moves the Court to "submit additional [r]elevant evidence" in support of his opposition[41] to Quirch's motion to dismiss. The proposed additional

---

[35] ECF No. 3.
[36] ECF No. 14.
[37] *Id.* at 1.
[38] ECF No. 10.
[39] ECF No. 14.
[40] ECF No. 16.
[41] ECF No. 15. The document is labelled a "Special Motion to Strike Defendant's Motion to Dismiss," but the Court liberally construes it as Robles's opposition to Quirch's motion to dismiss.

evidence consists of (1) copies of summonses issued in this case;[42] (2) a notice of the United States Department of Labor Administrative Review Board's acceptance of Robles's appeal from the ALJ's dismissal of his OSHA whistleblower-retaliation complaint;[43] (3) the ALJ's order dismissing Robles's OSHA whistleblower-retaliation complaint;[44] (4) a notice of appearance entered by a lawyer representing Quirch in the OSHA whistleblower-retaliation proceedings before the ALJ;[45] and (5) a notice of change of firm affiliation and address entered by lawyers representing Quirch in the OSHA whistleblower-retaliation proceedings before the ALJ.[46]

The Court denies Robles's motion for two independent reasons. First and most fundamentally, Robles has not shown that any of his proposed additional evidence has any bearing on any issue raised in Quirch's Rule 12(b)(6) motion to dismiss. Second, Robles has not shown that the Court may properly consider his proposed evidence at the Rule 12(b)(6) stage. "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). That general rule is subject to two exceptions: The Court "may rely on evidence outside the complaint, without converting a Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of

---

[42] ECF No. 16-3.
[43] ECF No. 16-4.
[44] ECF No. 16-5.
[45] ECF No. 16-6.
[46] ECF No. 16-7.

Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). "But going beyond the pleadings is otherwise error." *Id.* (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). Robles has not shown that either of those two exceptions applies here. So, for each of the independent reasons outlined above, the Court denies Robles's motion[47] to submit additional evidence.

### 4. Motions to Strike the State's Motion to Dismiss[48]

Across two substantively identical motions, Robles asks the Court to strike the State's motion to dismiss.[49] Liberally construed, Robles's *pro se* motions appear to argue that the Court should strike the State's motion to dismiss because it is untimely and "an attempt to evade legal responsibility" in this case and in a case pending in the 22nd Judicial District Court in which Robles is named as a defendant.[50]

Robles has not carried his burden to show that the Court should strike the State's motion to dismiss. First, Robles has not shown that the State's motion is untimely. To show that the State's motion is untimely, Robles would need to show that he properly served the State—which he has not done. The record reflects that Robles tried to serve the State with a summons issued to "J. Collin Sims," the District Attorney for the 22nd Judicial District.[51] But Robles fails to show that Sims is authorized to accept service for the State, and the State persuasively explains that

---

[47] ECF No. 16.
[48] ECF No. 32; ECF No. 33.
[49] ECF No. 32; ECF No. 33.
[50] ECF No. 32 at 1; ECF No. 33 at 1.
[51] ECF No. 24 at 1–2.

Sims is not, in fact, authorized to accept service for the State.[52] Second, even if the State's motion to dismiss were untimely, the Court would still deny Robles's motion to strike because the State's motion and supporting brief are not "pleading[s]" that may be stricken under Federal Rule of Civil Procedure 12(f). Rule 12(f) governs motions to strike; it permits the Court to "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). "But Rule 12(f) *only applies to pleadings*, and [Rule] 7(a) provides a list of permitted pleadings that determines what constitutes a pleading that is subject to being stricken under Rule 12(f)." *Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70 (N.D. Tex. 2024) (emphasis added) (citation and quotation omitted). Neither a motion nor a brief supporting or opposing a motion is included in Rule 7(a)'s list of "pleadings." *See* FED. R. CIV. P. 7(a). So the State's motion to dismiss and supporting brief are "not subject to a motion to strike under Rule 12(f)." *Caliber Home Loans*, Inc., 346 F.R.D. at 70 (citation and quotation omitted). For each of these independent reasons, the Court denies Robles's motions[53] to strike.

### 5. Motion for Joinder of Parties[54]

Robles next moves the Court for "[j]oinder of [p]arties," citing Federal Rule of Civil Procedure 20.[55] He "moves to join" (1) two attorneys who represented Quirch in the whistleblower-retaliation proceedings before the ALJ; (2) the ALJ who presided over those proceedings; (3) the Tangipahoa Parish District Attorney; (4) a City of

---

[52] ECF No. 27-1 at 9.
[53] ECF No. 32; ECF No. 33.
[54] ECF No. 34.
[55] *Id.* at 1.

Hammond assistant district attorney; (5) a Hammond City Court judge; (6) the Mayor of the Town of Madisonville; (7) an attorney for the Town of Madisonville; (8) the Madisonville Chief of Police; and (9) the arbitrator who presided over the American Arbitration Association arbitration that Robles initiated against Quirch.[56] The Court liberally construes Robles's *pro se* motion for "[j]oinder of [p]arties" as a motion for leave to amend his complaint to name the listed individuals as Defendants.

The Court denies Robles's liberally construed motion for leave to amend because his proposed amendment is futile. The Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). To be sure, "leave to amend should be liberally granted[ ] when the [*pro se*] plaintiff might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Brewster v. Dretke*, 587 F.3d 764, 767–688 (5th Cir. 2009) (per curiam)). But the Court need not "grant a futile motion to amend[.]" *Id.* (quotation and citation omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). Robles's proposed amendment is futile: Robles fails to attach a proposed amended complaint to his motion and therefore fails to offer any factual allegations to support any cause of action on any theory against any of the individuals he seeks to add as Defendants. Nor is there any indication that Robles "might be able to state a claim" against any of the individuals he seeks to name "based on the underlying facts and

---

[56] ECF No. 34 at 1; ECF No. 34-1 at 1–2.

circumstances." *Hernandez*, 79 F.4th at 468 (citing *Brewster*, 587 F.3d at 767–68). For each of those independent reasons, the Court denies Robles's motion.[57]

### B.    The State's Motion to Dismiss[58]

The State moves to dismiss Robles's claims for lack of subject-matter jurisdiction based on sovereign immunity.[59] *See* FED. R. CIV. P. 12(b)(1).

On the State's Rule 12(b)(1) motion, the Court may assess subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Because Robles is "the party asserting jurisdiction," Robles has the burden of proving it here. *See id.* (citations omitted).

Robles has not met his Rule 12(b)(1) burden to show that the Court has subject-matter jurisdiction over any claims he intends to assert against the State for a simple reason: The State has sovereign immunity. "Federal courts are without jurisdiction over suits against a state[ ] . . . unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015) (quotation and citation omitted). The State has not consented to this suit, and Robles has not pointed to any congressional act that "clearly abrogate[s]" the State's sovereign immunity here. *Id.* (quotation and citation

---

[57] ECF No. 34.

[58] ECF No. 27.

[59] *Id.* at 1–2; ECF No. 27-1 at 5–8. Because the Court dismisses Robles's claims against the State for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court does not reach the State's alternative arguments for dismissal under Rule 12(b)(6). *See* ECF No. 27-1 at 8–10.

omitted). True, *Ex parte Young*, 209 U.S. 123, 159–60 (1908), carves out a "narrow exception" to sovereign immunity. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). But Robles may not avail himself of *Ex parte Young*'s "narrow exception" here, *id.,* because Robles has not (1) properly named an individual official of the State as a Defendant in his or her official capacity; (2) plausibly alleged an "ongoing violation of federal law"; or (3) sought relief that is "properly characterized as prospective." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (quotation and citation omitted). In sum, the State enjoys sovereign immunity, and the Court lacks subject-matter jurisdiction over any claims Robles asserts against it. So the Court grants the State's motion[60] to dismiss Robles's claims for lack of subject-matter jurisdiction.[61]

### C.    Quirch's Motion to Dismiss[62]

Quirch moves to dismiss Robles's claims under Rule 12(b)(6), contending Robles fails to state any claims against it on any theory.[63] The Court agrees.

To survive Quirch's motion to dismiss, Robles's liberally construed complaints "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[60] ECF No. 27.

[61] Robles's memoranda in support of his motions to strike, ECF No. 32-1; ECF No. 33-1;—which the Court liberally construes as Robles's briefs in opposition to the State's motion to dismiss—fail to show that the State is not entitled to sovereign immunity or that the requirements for *Ex parte Young*'s "narrow exception" to sovereign immunity are met. *Whole Woman's Health*, 595 U.S. at 39.

[62] ECF No. 10.

[63] *Id.* at 1; ECF No. 10-1 at 1–9.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)). "The filings of a *pro se* litigant are to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation and quotation omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Robles's liberally construed *pro se* complaints fail to state any claims against Quirch on any potentially applicable theory. Robles's complaints vaguely reference "[b]reach of [an] [e]mployment [c]ontract" and "violation of [the] [F]air [L]abor [S]tandards [A]ct for retaliation against employee," suggesting that Robles might intend to assert breach-of-contract and FLSA retaliation claims against Quirch.[64] But Robles fails to plead facts plausibly entitling him to relief on either theory.

Robles fails to state a breach-of-contract claim against Quirch. To state a breach-of-contract claim against Quirch under Louisiana law,[65] Robles must plead

---

[64] ECF No. 4 at 2; ECF No. 7 at 2.

[65] The Court assumes—without deciding—that Louisiana law governs the requirements of any breach-of-contract claim that Robles asserts against Quirch because Robles invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, ECF No. 4 at 2. *See Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (the substantive law of the forum applies in diversity cases).

facts—not mere legal conclusions—plausibly establishing that (1) Quirch "undert[ook] an obligation to perform"; (2) Quirch "failed to perform the obligation (the breach)"; and (3) Quirch's "failure to perform resulted in damages to [Robles]." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotation and citation omitted). Robles fails to do so. He does not identify his alleged employment contract with Quirch or the provision of that contract Quirch allegedly breached. Nor does he allege any facts allowing the Court to reasonably infer that Quirch breached that contract. Robles therefore fails to state a breach-of-contract claim against Quirch.

Robles also fails to state an FLSA retaliation claim against Quirch. The FLSA features an anti-retaliation provision that "prohibits employers from retaliating against employees for filing complaints about violations of the FLSA." *Aldridge v. Miss. Dep't of Corrs.*, 990 F.3d 868, 872 (5th Cir. 2022) (citing 29 U.S.C. § 215(a)(3)). To state an FLSA retaliation claim against Quirch, Robles must plead facts plausibly establishing that (1) he "participat[ed] in protected activity" under the FLSA; (2) he suffered "an adverse employment action"; and (3) there is "a causal link between the [protected] activity and the adverse action." *Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 739 (E.D. Tex. 2019) (citing *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008)). Robles fails to do so. Among other deficiencies, Robles's liberally construed *pro se* complaints lack factual allegations allowing the Court to reasonably infer that there is "a causal link" between Quirch's termination of Robles's employment for his poor performance and any "protected activity" under the FLSA

15

that Robles may have "participat[ed] in." *Id.* (citing *Hagan*, 529 F.3d at 624). So Robles fails to state any FLSA retaliation claims against Quirch.

The Court's conclusion that Robles fails to state any claims against Quirch does not end the analysis. The Court must decide if dismissal should be with or without prejudice—that is, whether Robles should be allowed an opportunity to amend his complaint yet again to try to state plausible claims. "Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767–68 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And "leave to amend should be liberally granted" if a *pro se* plaintiff "might be able to state a claim based on the underlying facts and circumstances." *Hernandez*, 79 F.4th at 468 (citing *Brewster*, 587 F.3d at 767–68). But a district court need not "grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

Robles "has already pleaded his best case," and amendment would be futile. *Id.* (quotation and citation omitted). Most fundamentally, there is no reliable indication that Robles "might be able to state a claim" against Quirch "based on the underlying facts and circumstances." *Id.* (citing *Brewster*, 587 F.3d at 767–68). That Robles unsuccessfully sought leave to amend his complaint to add futile, unarticulated claims against putative Defendants with no direct connection to Robles's employment with Quirch underscores his inability to state any claim against Quirch, his lack of interest in attempting to do so, or both.[66] What is more, Robles does not "explain what

---

[66] *See* ECF No. 34 ("Motion for Joinder," which the Court has liberally construed as a motion for leave to amend).

16

facts he would . . . add[ ]" if the Court permitted him to file a third amended complaint or "how he would . . . overcome" the deficiencies identified in this opinion and in Quirch's motion to dismiss. *Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *3 (5th Cir. May 1, 2024) (per curiam). Finally, Robles has "already had a considerable opportunity to present his best case" against Quirch. *Weeks v. Collier*, No. 22-10126, 2023 WL 7703823, at *8 (5th Cir. Nov. 15, 2023) (per curiam). Indeed, Robles "has presented [his] arguments several times" in his original complaint,[67] his supplemental complaint,[68] his opposition[69] to Quirch's motion to dismiss, and his liberally construed motion[70] for leave to amend. *Dougherty v. United States Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *6 (5th Cir. Sept. 19, 2023) (per curiam). "Despite these opportunities, [Robles] remains unable to state plausible" claims against Quirch. *Id.* The Court therefore dismisses all of Robles's claims against Quirch under Rule 12(b)(6) with prejudice and without leave to amend.

### D.    Perrilloux's Motion to Dismiss[71]

Perrilloux moves the Court to dismiss Robles's claims for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[72]

As for Rule 12(b)(1), Perrilloux contends that the Court lacks subject-matter jurisdiction over Robles's claims to the extent that Robles asks the Court for an order

---

[67] ECF No. 4.
[68] ECF No. 7.
[69] ECF No. 15.
[70] ECF No. 34.
[71] ECF No. 22.
[72] ECF No. 22 at 1; ECF No. 22-1 at 1–5.

dismissing the state criminal case against Robles.[73] The Court agrees. Consistent with the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 43–47 (1971), "a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) where other extraordinary circumstances threaten irreparable loss [that] is both great and immediate." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citation and quotation omitted). Robles has not shown that any of these "three narrow exceptions applies." *Id.* at 881. So the Court must decline jurisdiction over any request to interfere with ongoing state criminal proceedings involving Robles.

As for Rule 12(b)(6), Perrilloux contends that Robles fails to state any claims against him because Robles's complaints do not even mention him.[74] Perrilloux is correct. Even with the benefit of liberal construction, Robles's *pro se* complaints lack any factual allegations allowing the Court to reasonably infer that Perrilloux is liable to Robles on any theory. As Perrilloux correctly observes, Robles's complaints do not even mention him. So, because Robles's complaints do not allege any conduct by Perrilloux, Robles necessarily fails to state any claims against Perrilloux.[75]

---

[73] ECF No. 22-2 at 3–4.
[74] ECF No. 22-2 at 2–3.
[75] Robles's liberally construed opposition does not persuade the Court that Robles could state any claim against Perrilloux or any theory. *See* ECF No. 25.

The Court finds that Robles "has already pleaded his best case" against Perrilloux, and that amendment would be futile. *Hernandez*, 79 F.4th at 468 (quotation and citation omitted). There is no indication that Robles "might be able to state a claim" against Perrilloux "based on the underlying facts and circumstances." *Id.* (citing *Brewster*, 587 F.3d at 767–68). Perrilloux would enjoy absolute prosecutorial immunity from any claims arising from Perrilloux's initiation of a prosecution against Robles. *See Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (explaining that prosecutors are "absolutely immune from liability under 42 U.S.C. § 1983 for [their] conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process" (quotation and citation omitted)). And Perriloux would enjoy qualified immunity from any claim arising from his performance of "investigative functions." *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) (citation and quotation omitted). What is more, Robles does not "explain what facts he would . . . add[ ]" if the Court permitted him to file a third amended complaint or "how he would . . . overcome" the deficiencies identified in this opinion and in Perrilloux's motion. *Pitts*, 2024 WL 1904556, at *3. Finally, Robles has "already had a considerable opportunity to present his best case." *Weeks*, 2023 WL 7703823, at *8. Indeed, Robles "has presented [his] arguments several times" in his original complaint,[76] his supplemental complaint,[77] his opposition[78] to Perrilloux's motion to

---

[76] ECF No. 4.
[77] ECF No. 7.
[78] ECF No. 25.

dismiss, and his liberally construed motion[79] for leave to amend. *Dougherty*, 2023 WL 6123106, at *6. "Despite these opportunities, [Robles] remains unable to state plausible" claims against Perrilloux. *Id.* The Court therefore dismisses Robles's remaining claims against Perrilloux with prejudice and without leave to amend.

### E.    Robles's Claims Against the Remaining Defendants

The Court has dismissed Robles's claims against the State, Quirch, and Perrilloux. The remaining Defendants are the United States Department of Labor, the Office of Administrative Law Judges, OSHA, Hammond City Court, and CT Corporation Systems. Liberally construed, Robles's *pro se* complaints fail to allege facts allowing a reasonable inference that any of those Defendants is liable to Robles on any theory conceivably related to the alleged facts underlying Robles's complaints.

The Court may dismiss Robles's claims against the remaining Defendants for failure to state a claim *sua sponte*, "as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quotation and citation omitted). Fairness requires that the Court notify Robles of its intention to dismiss any claims he asserts against the remaining Defendants and give Robles an "opportunity to respond." *Id.* at 373 (quotation and citations omitted). The Court does just that here: Robles is specifically notified that the Court intends to dismiss his remaining claims with prejudice under Rule 12(b)(6), and Robles is granted 14 days to file a response explaining why the Court should not dismiss his remaining claims.

---

[79] ECF No. 34.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Robles's motions[80] are **DENIED**.

**IT IS FURTHER ORDERED** that the motions[81] to dismiss are **GRANTED**. Robles's claims against Quirch are **DISMISSED WITH PREJUDICE** for failure to state a claim. Robles's claims against the State are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Robles's claims against Perrilloux are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction to the extent Robles requests that the Court interfere with ongoing state criminal proceedings; Robles's claims against Perrilloux are otherwise **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Robles shall show cause in writing within 14 days why his remaining claims should not be dismissed with prejudice under Rule 12(b)(6). The Court cautions Robles that, if he fails to timely file a response, the Court will dismiss the remainder of this action with prejudice and without further notice and then enter judgment against him.

New Orleans, Louisiana, this 20th day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[80] ECF No. 3; ECF No. 14; ECF No. 16; ECF No. 32; ECF No. 33; ECF No. 34.
[81] ECF No. 10; ECF No. 22; ECF No. 27.