UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEX ROBLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-251** |
| **QUIRCH FOODS LLC, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

On March 20, 2025, the Court denied assorted motions filed by *pro se* Plaintiff Alex Robles and granted motions to dismiss filed by Defendants Quirch Foods LLC, 21st Judicial District Attorney Scott Perrilloux, and the State of Louisiana.[1] *Robles v. Quirch Foods LLC*, No. 24-CV-251, 2025 WL 871606, at *9 (E.D. La. Mar. 20, 2025).

The Court's order and reasons dismissed all of Robles's claims against Quirch, Perriloux, and the State.[2] *See id.* But five Defendants did not move to dismiss and so remained in the case: (1) the United States Department of Labor; (2) the Office of Administrative Law Judges; (3) the Occupational Safety and Health Administration ("OSHA"); (4) Hammond City Court; and (5) CT Corporation Systems.[3] *See id.*

Adhering to the "fair" procedure the Fifth Circuit requires, *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quotation omitted), the Court "specifically notified" Robles that it intended to dismiss with prejudice his claims against the remaining Defendants under Rule 12(b)(6).[4] *Robles*, 2025 WL 871606, at *9. The Court explained that Robles's liberally construed *pro se* complaints "fail to allege facts allowing a reasonable inference that any of those [remaining] Defendants is liable to

---

[1] ECF No. 37.
[2] *Id.* at 9.
[3] *Id.*
[4] *Id.* at 20.

Robles on any theory conceivably related to the alleged facts underlying Robles's complaints."[5] The Court gave Robles "14 days to file a response explaining why the Court should not dismiss his remaining claims."[6] The Court "caution[ed] Robles that, if he fails to timely file a response, the Court will dismiss the remainder of this action with prejudice and without further notice and then enter judgment against him."[7]

Robles failed to timely file a response explaining why the Court should not dismiss his claims against the remaining Defendants. Instead, Robles filed two motions: (1) a motion to vacate the Court's March 20 order and reasons "on grounds of fraud, misrepresentation or misconduct by an opposing party, and applying the judgment prospectively is no longer equitable";[8] and (2) a motion for a default judgment against Quirch.[9] The Court takes each liberally construed motion in turn.

First, Robles fails to carry his burden under Rule 60(b) to show that the Court should vacate its March 20 order and reasons. Liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Robles's *pro se* motion asks the Court to vacate its order and reasons under Rule 60(b)(3) because of misrepresentations that Quirch made about the law firm representing it.[10] Rule 60(b)(3) permits the Court to "relieve a party" from an order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Robles is not entitled to relief under Rule 60(b)(3) because Robles fails to

---

[5] *Id.*
[6] *Id.*
[7] *Id.* at 21.
[8] ECF No. 41.
[9] ECF No. 42.
[10] *See generally* ECF No. 41; ECF No. 41-1.

carry his burden to establish by clear and convincing evidence that (1) Quirch engaged in fraud or other misconduct, and (2) that the misconduct prevented Robles from fully and fairly presenting his case. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citations omitted). So the Court denies the motion to vacate.

Second, Robles fails to carry his burden to show that the Court should enter a default judgment against Quirch. Robles again asks the Court to enter a default judgment against Quirch on the ground that Quirch's counsel in this case differs from Quirch's counsel in OSHA whistleblower-retaliation proceedings.[11] The Court has already considered and rejected essentially the same argument.[12] *See Robles*, 2025 WL 871606, at *3. So the Court denies Robles's motion for a default judgment.

Finally, the Court dismisses Robles's claims against the remaining Defendants with prejudice under Rule 12(b)(6). In its March 20 order and reasons, the Court notified Robles that it intended to dismiss his claims against the remaining Defendants with prejudice, and the Court gave Robles an opportunity to respond.[13] *Id.* at *9; *cf. Century Sur. Co.*, 799 F.3d at 372 (explaining that a court may *sua sponte* dismiss claims under Rule 12(b)(6) "as long as the procedure employed is fair" (quotation and citations omitted)). Robles failed to file a response explaining why the Court should not dismiss his claims against the remaining Defendants. Neither Robles's motion to vacate nor Robles's motion for default judgment attempts to explain with any specificity how Robles has pleaded facts allowing a reasonable

---

[11] ECF No. 42 at 1.
[12] ECF No. 37 at 7.
[13] *Id.* at 20.

3

inference that any remaining Defendant is liable to Robles on any theory conceivably related to the alleged facts underlying Robles's liberally construed *pro se* complaints.

Accordingly,

**IT IS ORDERED** that Robles's motion[14] to vacate and Robles's motion[15] for a default judgment are **DENIED**.

**IT IS FURTHER ORDERED** that Robles's claims against the remaining Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim. Because this order and reasons results in the denial of all relief to Robles, a final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 17th day of April, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] ECF No. 41.
[15] ECF No. 42.